UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VICENTE ROJAS HERNANDEZ, individually and on behalf of
all others similarly situated,

                                    Plaintiffs,

       -against-

SEA BREEZE MECHANICAL CORP., and TIMOTHY
BEAUMONT, as an individual,

                                   Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
REQUESTED**

1. Plaintiff, **VINCENTE ROJAS HERNANDEZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, **VINCENTE ROJAS HERNANDEZ**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **SEA BREEZE MECHANICAL CORP., and TIMOTHY BEAUMONT, as an individual** (collectively, hereinafter the "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at SEA BREEZE MECHANICAL CORP. located at 120 New York Ave., Westbury, NY 11590.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

8. Plaintiff VICENTE ROJAS HERNANDEZ residing at Jamaica, NY 11436, was employed by the Defendants at SEA BREEZE MECHANICAL CORP., from in or around May 2003 until in or around August 2019.

9. Defendant, SEA BREEZE MECHANICAL CORP., is a domestic business corporation organized under the laws of the State of New York with a principal office located at 120 New York Ave., Westbury, NY 11590.

10. Defendant, SEA BREEZE MECHANICAL CORP., is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant TIMOTHY BEAUMONT owns and operates SEA BREEZE MECHANICAL CORP.

12. Defendant TIMOTHY BEAUMONT is an agent of SEA BREEZE MECHANICAL CORP.

13. Defendant TIMOTHY BEAUMONT has power over personnel decisions at SEA BREEZE MECHANICAL CORP.

14. Defendant TIMOTHY BEAUMONT has power over payroll decisions at SEA BREEZE MECHANICAL CORP.

15. Defendant TIMOTHY BEAUMONT has the power to hire and fire employees at SEA BREEZE MECHANICAL CORP., establish and pay their wages, set their work schedule, and maintains their employment records and did so for the Plaintiff as well.

16. During all relevant times herein, Defendant TIMOTHY BEAUMONT was Plaintiff's employer within the meaning of the FLSA and NYLL.

17. On information and belief SEA BREEZE MECHANICAL CORP., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

18. At the time of the filing of this complaint, the relevant statutory period pursuant to the NYLL and FLSA is from in or around December 2015 through the present ("Relevant Statutory Period").

## FACTUAL ALLEGATIONS

19. Plaintiff VICENTE ROJAS HERNANDEZ was employed by the Defendants at SEA BREEZE MECHANICAL CORP., from in or around May 2003 until in or around August 2019.

20. During the relevant statutory period, Plaintiff's primary duties were as a cleaner, yard worker, shop worker and installer while performing related miscellaneous duties.

21. During the relevant statutory period, Plaintiff regularly worked shifts from approximately 4:00 a.m. to approximately 5:00 p.m. from Monday to Friday and from approximately 4 a.m. until approximately 12:00 p.m. during Saturdays.

22. Thus, Plaintiff alleges he regularly worked 6 days per week, Monday through Saturday of each week.

23. Plaintiff was regularly required to work seventy-three (73) hours, or more, each week during his employment by Defendants during the relevant statutory period.

24. During the relevant statutory period, Plaintiff was paid by Defendants a flat hourly wage of approximately $32.50 for all hours worked, even those in excess of 40 hours per week.

25. Although Plaintiff regularly worked approximately seventy-three (73) or more per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Upon information and belief, the Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

27. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

28. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

30. Collective Class: All persons who are or have been employed by the Defendants as cleaners, yard workers, shop workers, installers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

31. Upon information and belief, Defendants employed approximately 20 to 25 employees within the past three years subjected to similar payment structures.

32. Upon information and belief, Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

33. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

34. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class regularly performed work requiring overtime pay.

35. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff, and the Collective Class.

36. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

37. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

38. The claims of Plaintiffs are typical of the claims of the putative class.

39. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

43. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

44. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

45. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

46. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

47. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

50. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

51. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

54. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3)

57. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   December 20, 2021
         Kew Gardens, NY

*Roman Avshalumov*

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VINCENTE ROJAS HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

SEA BREEZE MECHANICAL CORP., and TIMOTHY BEAUMONT, as an individual,

Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**SEA BREEZE MECHANICAL CORP.**
120 New York Ave., Westbury,
NY 11590

68 Conway St., Brooklyn,
NY 11207

**TIMOTHY BEAUMONT**
120 New York Ave., Westbury,
NY 11590